**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 15-61813-CIV-GAYLES

AUDEMARS PIGUET HOLDING SA,
BREITLING U.S.A., INC.,
LVMH SWISS MANUFACTURES, S.A.,
HERMÈS INTERNATIONAL, and
OMEGA SA,

       Plaintiffs,

vs.

ALLSWISSWATCH.EU, *et al.*,

       Defendants.
_____/

**PLAINTIFFS' MOTION TO MODIFY PERMANENT INJUNCTION AND ADD NEW DOMAIN NAMES WITH MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, Audemars Piguet Holding SA ("Audemars Piguet"), Breitling U.S.A., Inc. ("Breitling USA"), Hermès International ("Hermès"), LVMH Swiss Manufactures, S.A. ("LVMH"), and Omega SA ("Omega") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move this Court to Modify the Court's April 12, 2016 Permanent Injunction and Add New Domain Names, and in support thereof states as follows:

1. On April 12, 2016, the Court entered a Final Default Judgment and Permanent Injunction ("Permanent Injunction") [DE 26] in favor of Plaintiffs and against Defendants, enjoining Defendants and their officers, agents, servants, and employees, and all persons acting in concert and participation with Defendants, *inter alia*, from manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell watches using counterfeits or infringements of Plaintiffs' trademarks, and from falsely representing themselves as being connected with Plaintiffs through sponsorship or association.

(See DE 26, p.1-2; Declaration of Virgilio Gigante in Support of Plaintiffs' Motion to Modify Permanent Injunction and Add New Domain Names ("Gigante Decl.") ¶ 2 and Exhibit A thereto, true and correct copy of the Final Default Judgment and Permanent Injunction entered by the Court on April 12, 2014.)

2. On April 14, 2016, Plaintiffs served a copy of the Permanent Injunction on Defendants by email and publication, pursuant to the Court's January 4, 2016, Order Granting Motion for Order Authorizing Alternate Service of Process. (See DE 28, 29, Certificates of Service, Gigante Decl. ¶ 3.)

3. Certain Defendants simply ignored the Court's permanent injunction and have refused to cease their unlawful activities. Specifically, Defendants allswisswatch.eu (Defendant Number 1), bestwatches.cn (Defendant Number 4), ftwatches.cn (Defendant Number 9), echowatch.ru (Defendant Number 11), justmontres.fr (Defendant Number 23), luxmall.su (Defendant Number 25), mowatch.cn (Defendant Number 30), perfectwatches.cn (Defendant Number 32), pursevalley.cn (Defendant Number 33), replicahause.mx (Defendant Number 39), replicawatchespakistan.com.pk (Defendant Number 42), replux.ru (Defendant Number 46), royalwatch.com.pk (Defendant Number 48), salewatches2.ru (Defendant Number 49), swissreplication.eu (Defendant Number 53), thereplicahause.fr (Defendant Number 56), trustytime.ru (Defendant Number 58), ventwatch.com (Defendant Number 64), watchesalon.ru (Defendant Number 67), and xclones.su (Defendant Number 75) (the Noncomplying Defendants") are continuing to wrongfully use counterfeits of Plaintiffs' trademarks in commerce to promote goods via Internet websites operating under many of the same domain names the Noncomplying Defendants were specifically enjoined from using for these purposes (the "Original Domain Names"), and via newly discovered domain names (the "Additional

Domain Names") (together, the Noncomplying Defendants' Domain Names"), as identified on Schedule "A" hereto,[1] in violation of this Court's permanent injunction. (See Gigante Decl. ¶¶ 4-6.)

4. More specifically, the Noncomplying Defendants are violating the Court's permanent injunction by maintaining the Noncomplying Defendants' Domain Names and associated websites through which they: (1) manufacture or cause to be manufactured, import, advertise, or promote, distribute, sell, or offer to sell watches using counterfeits or infringements of Plaintiffs' trademarks; and (2) falsely representing themselves as being connected to Plaintiffs by wrongfully using Plaintiffs trademarks via the Internet websites operating under the Noncomplying Defendants' Domain Names. (See Gigante Decl. ¶¶ 5-6 and Comp. Ex. B thereto.) Indeed, the Noncomplying Defendants expressly acknowledge on each of the Internet websites operating under the Noncomplying Defendants' Domain Names that Plaintiffs' branded watches sold thereon are "replica." (See Gigante Decl. ¶ 6.)

5. As demonstrated by the recent Internet website printouts attached as Composite Exhibit B to the Gigante Declaration, despite having actual notice of the Permanent Injunction, the Noncomplying Defendants' maintenance of the Noncomplying Defendants' Domain Names and associated websites used to offer to sell watches bearing counterfeits and infringements of Plaintiffs' trademarks continues to this day.  The Noncomplying Defendants' conduct calls for a just remedy designed to bring them into compliance. Accordingly, Plaintiffs seek a modification of the preliminary injunction to include an order that any non-party service providers, including,

---

[1] Each of the Additional Domain Names was observed to automatically redirect and forward from Internet websites operating under one or more of the Original Domain Names, as outlined on Schedule "B." (See Gigante Decl. ¶ 4, n.1, and Comp. Ex. B thereto.)

CloudFlare, Inc.,[2] cease providing all services in connection with the Subject Domains Names.

6.  A Court that issues a permanent injunction retains continuing jurisdiction to modify it whenever the principles of equity require it to do so. Permanent injunctions may be modified to impose more stringent requirements to ensure the original purposes of the injunction are met. Exxon Corp. v. Texas Motor Exchange of Houston, Inc., 628 F.2d 500, 503 (5th Cir. 1980). If the relief originally ordered has not produced the intended result, the Court "should modify the decree so as to achieve the required result with all appropriate expedition." United States v. United Shoe Machinery Corp., 391 U.S. 244, 252, 88 S. Ct. 1496, 1501 (1968).

---

[2] The Noncomplying Defendants' use the services of CloudFlare, Inc. ("CloudFlare") for the websites operating under all of the Noncomplying Defendants' Domain Names except for perfectwatches.cn and pursevalley.cn. CloudFlare provides, among other website services, authoritative domain name system servers. "CloudFlare's authoritative domain name server translates [a domain name] as entered in a search browser into the correct IP address associated with that site, thus allowing the user to connect to the site," Arista Records, LLC v. Vita Tkach, 122 F. Supp. 3d 32, 34, (S.D.N.Y. 2015). In Arista Records, LLC v. Vita Tkach, the Court found that third-party service provider CloudFlare was bound by the injunction in the case because it was aiding and abetting the Defendants' infringement, noting that "[c]onnecting internet users to [the website] in this manner benefits Defendants and quite fundamentally assists them in violating the injunction because, without it, users would not be able to connect to Defendants' site unless they knew the specific IP address for the site." Id. The Court further noted that "[b]eyond the authoritative domain name server, CloudFlare also provides additional services that it describes as improving the performance of the [website]. Id. The Court subsequently modified the injunction to clarify that CloudFlare, upon notice or knowledge of an infringement or violation of the injunction on the part of one of its customers, was ordered to cease providing services to that customer within 48 hours. See Arista Records, LLC v. Vita Tkach, Case 1:15-cv-03701-AJN (S.D.N.Y. July 9, 2015) (DE 82) (attached as Ex. D to the Gigante Decl.). See also, Dish Network LLC v. Dillion, No. 12cv157 BTM (NLS), 2012 U.S. Dist. LEXIS 13277, at *14 (S.D. Cal. Feb. 3, 2012) (injunction directed to an infringing website ordering "[A]ll website hosting, website optimization, and any other company or person that provides website services for the … domains, including without limitation, CloudFlare, Inc., shall within 24 hours of receipt of this Order, cease all website services made in connection with the … domains.")

7.	Modification of an injunction is particularly appropriate where, as here, the defendants have acted to frustrate the purpose of the original injunction. For example, in <u>Philip Morris USA, Inc. v. Otamedia Ltd.</u>, 331 F. Supp. 2d 228 (S.D.N.Y. 2004), the court enjoined the defendant's unauthorized sale of Philip Morris cigarettes over the Internet, which constituted trademark infringement. Philip Morris then requested the court modify the injunction, asking the court for the transfer to Philip Morris ownership of certain Internet domain names through which defendant continued to violate the injunction. <u>Id.</u> at 229. The court granted the motion and modified the injunction, stating a "[c]ourt's paramount obligation must be to ensure compliance with [prior] [j]udgment[s]." <u>Id.</u> at 245. The court recognized that transfer of the domain names would be "an efficacious means to enforce the Judgment, a means inherent in the very same technology by which [defendant] has to date been able to violate it with impunity." <u>Id.</u> The court also noted that where the injunction's beneficiary seeks to enforce it more effectively, "equity countenances the modification of an injunctive decree if 'a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes.'" <u>Id.</u> at 244 (citing <u>Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.</u>, 793 F.2d 1529, 1538-40 (11th Cir. 1986).)

8.	In view of the foregoing, Plaintiffs submit that modification of the Court's Permanent Injunction to include the Additional Domain Names and to order non-party service providers cease providing all services in connection with the Noncomplying Defendants' Domains Names is an appropriate, just means by which to bring the Noncomplying Defendants into compliance with the Court's directives.

WHEREFORE, Plaintiffs respectfully request this Court grant their Motion and modify the April 12, 2016 Permanent Injunction in accordance with the form filed herewith.

Dated:  July 19, 2016.	Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/Virgilio Gigante**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiffs,

## SCHEDULE "A"
## NONCOMPLYING DEFENDANTS BY NUMBER
## AND NONCOMPLYING DOMAIN NAME

| Defendant Number | Noncomplying Defendant | Original Domain Name / Additional Domain Name |
|---|---|---|
| 1 | allswisswatch.nl | Original Domain Name |
| 1 | breitlingreplicas.nl | Original Domain Name |
| 1 | elitereplicawatch.eu | Original Domain Name |
| 1 | elitereplicawatch.nl | Original Domain Name |
| 1 | replicahaus.com.au | Original Domain Name |
| 1 | replicahaus.es | Original Domain Name |
| 1 | replicahaus.nl | Original Domain Name |
| 1 | replicahause.ca | Original Domain Name |
| 1 | replicahause.com.au | Original Domain Name |
| 1 | replicahause.es | Original Domain Name |
| 1 | replicahause.nl | Original Domain Name |
| 1 | allswisswatch.se | Additional Domain Name |
| 1 | elitereplicawatch.com | Additional Domain Name |
| 1 | replicahaus.ca | Additional Domain Name |
| 1 | replicahaus.com | Additional Domain Name |
| 1 | thereplicahaus.com.au | Additional Domain Name |
| 1 | thereplicahaus.es | Additional Domain Name |
| 4 | bestwatches.cn | Original Domain Name |
| 9 | ftwatches.cn | Original Domain Name |
| 11 | echowatch.ru | Original Domain Name |
| 23 | justmontres.fr | Original Domain Name |
| 25 | luxmall.su | Original Domain Name |
| 30 | mowatch.cn | Original Domain Name |
| 32 | perfectwatches.cn | Original Domain Name |
| 33 | pursevalley.cn | Original Domain Name |
| 39 | replicahause.mx | Original Domain Name |
| 39 | thereplicahause.mx | Additional Domain Name |
| 42 | replicawatchespakistan.com.pk | Original Domain Name |
| 46 | replux.ru | Original Domain Name |
| 48 | royalwatch.com.pk | Original Domain Name |
| 49 | salewatches2.ru | Original Domain Name |
| 53 | swissreplication.nl | Original Domain Name |
| 53 | swissreplication.net | Additional Domain Name |
| 56 | thereplicahause.fr | Original Domain Name |
| 56 | thereplicahaus.fr | Additional Domain Name |

7

| 58 | trustytime.ru   | Original Domain Name   |
|----|-----------------|------------------------|
| 64 | luxshop.su      | Original Domain Name   |
| 64 | luxusales.ru    | Original Domain Name   |
| 64 | made2u.su       | Original Domain Name   |
| 64 | vastwatch.ru    | Original Domain Name   |
| 64 | vreplicas.ru    | Original Domain Name   |
| 64 | watchjust.su    | Original Domain Name   |
| 64 | cwatcheshow.co  | Additional Domain Name |
| 67 | watchesalon.ru  | Original Domain Name   |
| 67 | watchesalon.biz | Additional Domain Name |
| 75 | xclones.su      | Original Domain Name   |

## SCHEDULE "B"
## WEBSITE REDIRECTION TABLE

| Defendant Number | Original Domain Name | Redirecting Additional Domain Name |
|---|---|---|
| 1 | allswisswatch.nl | allswisswatch.se |
| 1 | elitereplicawatch.eu | elitereplicawatch.com |
| 1 | elitereplicawatch.nl | |
| 1 | replicahaus.com.au | thereplicahaus.com.au |
| 1 | replicahause.com.au | |
| 1 | replicahause.ca | replicahaus.ca |
| 1 | replicahaus.es | thereplicahaus.es |
| 1 | replicahause.es | |
| 1 | replicahaus.nl | replicahaus.com |
| 1 | replicahause.nl | |
| 39 | replicahause.mx | thereplicahause.mx |
| 53 | swissreplication.nl | swissreplication.net |
| 56 | thereplicahause.fr | thereplicahaus.fr |
| 64 | luxshop.su | cwatcheshow.co |
| 64 | luxusales.ru | |
| 64 | made2u.su | |
| 64 | vastwatch.ru | |
| 64 | vreplicas.ru | |
| 64 | watchjust.su | |
| 67 | watchesalon.ru | watchesalon.biz |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true copy of the foregoing was served this 19th day of July, 2016, via e-mail to the e-mail addresses at which Defendants were served and via publication by posting a true and accurate copy of the following document(s) on the website http://servingnotice.com/fa72s/index.html.

        s:/**Virgilio Gigante**/
        Virgilio Gigante